Folger, J.
 

 We are of the opinion that when the complaint alleges the death of the intestate, and the due and legal appointment of the plaintiff as the administrator of the estate, and the answer contains only a general denial of those allegations, the letters of administration in due form, produced in evidence, are sufficient to establish the representative character in which the plaintiff assumes to sue. (2 R. S., 80, §§ 56, 58 ; 2 Steph. N. P., 1904; Starkie on Ev., 9th Am. ed.. 394. 361: 3 Phil, on Ev.. *665. 548. 5th Am. ed.:
 
 *311
 

 Newman
 
 v.
 
 Jenkins,
 
 10 Pick., 515;
 
 Jeffers
 
 v.
 
 Radcliffe, 10 N.
 
 H., 242; and see
 
 Dale Adm.
 
 v.
 
 Roosevelt,
 
 8 Cow., 333.) The letters produced in evidence in this case were sufficient,
 
 prima facie,
 
 to prove the plaintiff’s character as administrator of the effects of Charles Belden deceased.
 

 The defendant claimed that the assignment from Hallett, president of the bank of Hornellsville, to the plaintiff’s intestate, was without authority, and conveyed no title to the mortgage in suit. The objection is not that the assignment is not in due form, or that it is imperfect as an instrument. The finding of fact is that the mortgage was duly assigned by the mortgagee therein named. It is true that there was no proof that it was authorized by a vote or resolution of the board of directors of the bank. The mortgage being in amount over $1,000, at the time when it was assigned, it is claimed that the transaction is obnoxious to a provision of the Revised Statutes relating to moneyed corporations. (1 R. S., 591, § 8.) This institution was however organized under the general banking law of 1838 (Laws of 1838, chap. 260, p. 245), and the acts additional and amendatory thereof. (Ni Y. Stats, at Large ; Edmonds’ ed., 4th vol., pp. 134,179 inclusive.) It is held that to such an institution the provision above cited does not apply.
 
 (Leavitt
 
 v.
 
 Blatchford,
 
 17 N. Y., 521.) It is further claimed that the consideration for the assignment expressed upon its face is but one dollar, and that there is no proof of any greater consideration. The law, however, presumes the assignment to have been made upon a good consideration until the contrary appears affirmatively.
 
 (Eno
 
 v.
 
 Crooke,
 
 10 N. Y., 60.)
 

 And in the absence of proof to the contrary, the law also presumes against a debtor, that the assignment of the demand against him was made with due authority. The transaction is open to inquiry however, and upon proof of want of authority, or violation of duty, or overstepping of power would be held void. In the absence of such proof it is upheld.
 
 (Bank of Vergennes
 
 v.
 
 Warren,
 
 7 Hill, 91;
 
 Hoyt
 
 
 *312
 
 v.
 
 Thompson,
 
 1 Seld., 320, 335, per Ruggles, Oh. J.;
 
 Eno
 
 v.
 
 Crooke, supra.)
 

 It is true that there was proof upon the trial that the assignment to the plaintiff’s intestate was upon the consideration of a private indebtedness of Hallett to him. From this the defendant asks it to be inferred that Hallett without authority, and in violation of duty, used the effects of the bank for his own purposes. We are however, to presume that dealings are fair rather than that they are fraudulent. There is nothing but the fact above presented to excite the suspicion that the chief officer of the bank, ostensibly acting in his official capacity, diverted its effects to his private ends. This is not sufficient to rest upon for the purpose sought, in an action against the debtor. It does not sustain the defendant in questioning the validity of the assignment. (And see
 
 Gillett
 
 v.
 
 Campbell,
 
 1 Denio, 520.)
 

 It would have been competent for Wells and Osborne, with or without the concurrence of Hallett or the bank or other holder of the mortgages, to have agreed that the premises described in the mortgage executed by Osborne alone on his individual property should first be liable for the debt. And the equity thus created in Wells and his assigns to have that property first sold to satisfy the debt, could have been asserted by them in this action and a judgment had to that, effect. It is not necessary to inquire whether it was such an equity or one akin to it, which the defendant now claims. Osborne testified, and the learned justice has found, that no agreement was made by Osborne or by the holder of the mortgages by which such equity was created. The finding is, that the paper solely relied upon by the defendant to establish it, was executed and delivered to Wells without the knowledge or consent of Osborne or of the plaintiff’s intestate, or of the plaintiff, and after the assignments to the plaintiff’s intestate had been recorded. Ho such equity could be created without the agreement of some one of these three. And inasmuch as the assignments of the mortgages to the plaintiff’s intestate were on record before the paper was executed to
 
 *313
 
 Wells, and before the defendant had acted in reliance upon it, they were constructive notice to him that Hallett could no longer deal with the mortgaged interests. The defendant is precluded from using this instrument as an absolute legal discharge of the mortgage or a release of the premises from its lien.
 
 (Van Derkemp
 
 v. Shelton, 11 Paige, 29.) The judgment should be affirmed.
 

 All concur.
 

 Judgment affirmed.