# SUPREME COURT.

WILLIAM E. CLARK agt. PHEBE IGELSTROM *et al.*

*Mortgage foreclosure — answer — payment.*

It has always been the rule, that when the mortgagor attempts to make a payment to the mortgagee upon the principal of a bond, if the bond is not produced, he makes such payment at his peril; and if it should turn out that the bond has been assigned and is held at the time of the payment by another party, it is not a good payment,

The facts herein, in reference to the alleged payment, brings this case decidedly within the above rule. Judgment for plaintiff, with costs.

*Special Term, February*, 1873.

ACTION to foreclose mortgage; answer, payment.

*Paddock & Cannon*, for plaintiff.

*W. H. Peckham*, for defendants.

VAN BRUNT, *J.* — The defendant in this action claims that Leander Buck, the mortgagee, agreed to take the pay for this mortgage in furniture, and that this furniture was delivered, and the mortgage debt thereby paid.

The bond and mortgage bear date October 1st, 1870, and were assigned and delivered by Buck to the plaintiff about November 4th, 1870. It will not be claimed that if this agreement to receive furniture was made by Buck after the mortgage was assigned by Buck to the plaintiff, and while the bond and mortgage was in plaintiff's possession, that the

plaintiff is bound by such agreement. The assignment was recorded November 5, 1870, and the case · of *Belden* agt. *Meeker* (47 *N. Y.*, 307), would seem to hold that the recording of the assignment was constructive notice to all the world of the fact that the mortgage had been assigned.

Whether this rule is the true one or not, it has always been the rule that when the mortgagor attempts to make a payment to the mortgagee upon the principal of a bond, if the bond is not produced, he makes such payment at his peril, and if it should turn out that the bond has been assigned and is held at the time of the payment by another party, it is not a good payment. Therefore, unless this payment was made before November 5th, 1870, it was not a good payment.

The defendant's story is that he agreed to buy a house of Mr. Buck, and that Buck agreed to take furniture for $9,000 of the consideration money. That Buck afterwards said he did not want to take so much furniture then and would only take furniture for $6,000, and would take a mortgage for the $3,000, and that the transaction was closed on that basis, and the mortgage in suit executed and delivered. That subsequently Buck said he would take furniture for the $3,000 mortgage, and that the $3,000 worth of furniture to pay the mortgage was either ordered or delivered, I think he said delivered, by October 12th, 1870, the date of a bill produced by the defendant.

There is one circumstance which seems to me to show conclusively that this statement is untrue.

The bond and mortgage were not executed until October 17th, 1870, five days after the defendants claim to have paid it. Now the defendants never would have executed this mortgage if it had already been paid. It is impossible to give any reason for their doing so. People do not execute mortgages upon their property after they have paid the debt. It may be said that the defendant was mistaken about the date, but he swore positively that he never made out a bill for goods before they were delivered, and the bill which

Clark agt. Igelstrom.

he produces bears date October twelfth. In view of this circumstance, the account of this transaction as given by Mr. Buck, is decidedly the most consistent with the other circumstances of the case, and I have no doubt that all this $3,000 of furniture was delivered subsequent to the assignment of the mortgage to the plaintiff.

The plaintiff must, therefore, have judgment, with costs.