MARGARET CARROLL, RESPONDENT, v. ELIZABETH
CARROLL AND OTHERS, APPELLANTS.

*Death — evidence of — record of proof of will.*

The record of the proofs and proceedings had in the Surrogate's Court on the proof of the will of an alleged deceased person, is sufficient evidence of his decease as to parties who were all before the surrogate when such proceedings were had.

APPEAL from a judgment entered in this action, and from an order refusing a new trial herein, and from an order directing a sale and reference. The facts are stated in the opinion.

*Philip S. Crooke*, for the appellant. Carroll being alive October 22, 1872, the presumption is that he was alive in May, 1873. (*O' Gara* v. *Eisenlohr*, 38 N. Y., 296.) Hearsay evidence of death only allowed when no living witness can testify to the fact. (*Fosgate* v. *Herkimer*, 12 Barb., 352.) The probate proceedings were not evidence of the death of Carroll. (2 Rev. Stat., 74, § 26; *Farley* v. *McConnell*, 52 N. Y., 630; *Belden* v. *Meeker*, 47 id., 307; 2 Phillips Ev., 93; 2 Greenleaf on Ev., § 278 *a*.) Letters of administration not sufficient to prove death. (*Doe ex Ash* v. *Calvert*, 2 Campbell, 389; *Doe ex Hall* v. *Penfold*, 8 C. & P., 536.)

*Morris & Pearsall*, for the respondent. The prohibition of section 399 of the Code does not prevent a party from testifying, in an action in which the legal representatives of a deceased party are adverse parties, to a conversation between the deceased and a third person, which was overheard by the witness. (*Hildebrant* v. *Crawford*, 6 Lansing, 502; *Lobdell* v. *Lobdell*, 36 N. Y., 327; *Simmons* v. *Sisson*, 26 id., 277; *Card* v. *Card*, 39 id., 318.) "The probate of will or the letters of administration are sufficient evidence for the plaintiff of the death of the testator or intestate." (2 Greenl. Ev., 325, § 339; *French* v. *French*, 1 Dick., 268; *Succession of Hamblin*, 3 Rob. [Louis. R.], 130; *Newman* v. *Jenkins*, 10 Pick., 515; *Belden* v. *Meeker*, 2 Lansing, 470; *Russell* v. *Schuyler*, 22 Wend., 280; *Belden* v. *Meeker*, 47 N. Y., 307.)

TAPPEN, J. :

The plaintiff brought this action for an admeasurement of dower, which she claimed as widow of John Carroll. The only point discussed on the appeal, is, the sufficiency of proof of the death of John Carroll. On previous proceedings before the surrogate of Kings, the will of John Carroll had been admitted to probate. The plaintiff, at the trial of this action, offered the proofs and proceedings in the Surrogate's Court to establish Carroll's death. The parties to this action were all before the surrogate in that matter. Held, that the death of Carroll was thereby presumptively established.* The same rule is laid down in *Munro* v. *Merchant*,† although the exception in that case is, that the will and letters were receivable as ancient records, establishing death. All the parties to this action have acted throughout on the presumption of John Carroll's death; and the defendants in possession hold as his devisees. In their interest the will was proven before the surrogate; and no reason exists why the presumption of death, thus raised in their behalf, should not be held conclusive, in the absence of any counter-proof. The defendants are all in possession as devisees under John Carroll's will. The adult defendants have answered, admitting his death; the infant defendants have put in the usual answer, by guardian *ad litem*. If the court should hold John Carroll living, the devisees have no estate; but, John Carroll dead, they become seized under his will.

The proof of death is quite sufficient to uphold the judgment, which should be affirmed with costs.

Present — TAPPEN and TALCOTT, JJ.

Judgment and order, denying new trial, affirmed with costs.

* Greenleaf on Evidence, vol. 2, p. 325; Belden v. Meeker, 2 Lans., 470; affirmed in 47 N. Y., 307.

† 26 Barb., 384.