CARROLL v. CARROLL.

*Evidence — admission of will to probate prima facie, of death.*

The death of a person *held* to be presumptively established by the production of the probate of his will before a surrogate, and the proceedings had upon such probate.

APPEAL by defendants from a judgment in favor of plaintiff entered upon the decision of the court upon a special verdict of a jury, and also upon the report of a referee.

The action was brought by Margaret Carroll against Elizabeth Carroll and others for an admeasurement of dower. Plaintiff claimed to be the widow of John Carroll, whom, it was alleged, died in 1872. The respondent, Elizabeth Carroll, also claimed to have been married to said John Carroll. The other defendants are children of Elizabeth Carroll and said John Carroll.

The plaintiff offered at the trial before the jury, as evidence of the death of John Carroll, said Carroll's last will and testament, and the decree of the surrogate of Kings county admitting it to probate. This was objected to by defendants, but was admitted, and was the only proof offered of said Carroll's death. The court held it sufficient, and directed the jury to find that said death was established. To this defendant excepted.

*Philip S. Crooke*, for appellants, cited 2 R. S. 74, § 26; *Farley* v. *McConnell*, 52 N. Y. 630; *Belden* v. *Meeker*, 47 id. 307; 2 Phillips' Ev. 93; 2 Greenl. Ev., § 278, *a; Moons* v. *DeBernales*, 1 Russ. 301; *Thompson* v. *Donaldson*, 3 Esp. 63; *Doe* v. *Calvert*, 2 Campb. 389.

*Morris & Pearsall*, for respondent.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Fullager v. Reville.

TAPPEN, J. The plaintiff brought this action for an admeasurement of dower, which she claimed as widow of John Carroll. The only point discussed on the appeal is the sufficiency of proof of the death of John Carroll.

On previous proceedings before the surrogate of Kings, the will of John Carroll had been admitted to probate. The plaintiff, at the trial of this action, offered the proof and proceedings in the surrogate's court to establish Carroll's death. The parties to this action were all before the surrogate in that matter.

Held, that the death of Carroll was thereby presumptively established. 2 Greenl. on Ev. 325; *Belden* v. *Meeker*, 2 Lans. 470, affirmed in 47 N. Y. 307. The same rule is laid down in *Munro* v. *Merchant*, 26 Barb. 384, although the exception in that case is that the will and letters were receivable as ancient records establishing death.

All the parties to this action have acted throughout on the presumption of John Carroll's death, and the defendants in possession hold as his devisees. In their interest the will was proven before the surrogate, and no reason exists why the presumption of death, thus raised in their behalf, should not be held conclusive in the absence of any counter-proof. The defendants are all in possession as devisees under John Carroll's will; the adult defendants have answered, admitting his death — the infant defendants have put in the usual answer by guardian *ad litem*. If the court should hold John Carroll living, the devisees have no estate, but John Carroll dead, they become seized under his will.

The proof of death is quite sufficient to uphold the judgment, which should be affirmed, with costs.

*Judgment affirmed.*