JULIA A. C. PARHAN, ADMINISTRATRIX, AND ANOTHER, ADMINISTRATOR, OF HENRY A. CLEVELAND, DECEASED, RESPONDENT, *v.* JOHN MORAN, APPELLANT.

*Letters of administration — effect of — Evidence — Code,* § 399.

Where a plaintiff sues as administratrix, her representative character is sufficiently established by the production in evidence of letters of administration, issued in proper form by any officer having jurisdiction.

Where, in an action brought by one to whom letters of administration have been duly issued, the defendant claims that the person alleged to be dead is still alive, he cannot be allowed to testify as to conversations had with the alleged intestate, prior to the issuing of the letters of administration, which conversations tend to show that such person is still living.

APPEAL from a judgment in favor of the plaintiffs, entered upon the report of a referee.

This action was brought to recover moneys collected by the defendant under a power of attorney, given him by Henry A. Cleveland, the plaintiffs' intestate. It was admitted that the defendant, as such attorney of said Cleveland, had received and still had these moneys, and that a demand had been made by the plaintiff. prior to the action. Part of the moneys were Cleveland's share of land sold under a judgment in partition in 1867. The plaintiff gave in evidence her petition to the surrogate for the issue of letters of administration, and the letters issued thereon, May 17, 1871. By the petition, it appeared that Cleveland was a sailor, and went to sea in 1858, and that he had not been heard from since.

The defendant was sworn on his own behalf, and offered to show conversations between himself and Cleveland in 1858, in which Cleveland stated his intention of going abroad for a long time ; the unfriendly terms on which he was with the plaintiff; and his desire that the defendant should take care of his property. The defendant further offered to show an understanding between Cleveland and his stepmother, in regard to a certain note, for the purpose of showing the feeling between Cleveland and his family when he left the country. The testimony was objected to as incompetent and inadmissible under section 399 of the Code, and was excluded.

The defendant testified, on cross-examination, that he had not seen Cleveland since he left in April or May, 1858, or received any letters from him, and that the moneys received for the account of Cleveland were mingled with his own.

The referee reported in favor of the plaintiff, and the defendant appeals.

*Samuel Hand*, for the appellant.

*John B. Gale*, for the respondents.

LEARNED, P. J.:

First. The statute (2 R. S., [m. p.] 80, § 74) declares that letters of administration, granted by any officer having jurisdiction, shall be *conclusive evidence* of the authority of the persons to whom the the same may be granted. This, the revisers said, was declaratory of

existing law. (Notes. See § 2, Phil. Ev. [4th ed.], 77; *Noel* v. *Wells*, 1 Levinz, 235.) In *Belden* v. *Meeker* (2 Lans., 470; affirmed 47 N. Y., 307), it was held that "the letters of administration in due form, produced in evidence, are sufficient to establish the representative character in which the plaintiff assumes to sue."

The plaintiff went further, and proved the petition presented to the surrogate. This showed that the deceased at, or immediately previous to, his death, was an inhabitant of Rensselaer county, and it alleged his death. By 2 Revised Statutes (m. p., 73, § 23), these facts gave the surrogate jurisdiction. By the subsequent section (26), the surrogate, before issuing letters of administration, is required to take proof of the fact of death and of intestacy. When he granted letters, therefore, he made a judicial decision, upon proof, of a matter over which he had jurisdiction. This must be conclusive, until reversed or vacated.

Second. But again, the defendant offered himself as a witness to testify to conversations had by him with Cleveland prior to the issue of letters of administration. It was objected that he was inadmissible under section 399 of the Code. The defendant ingeniously answers this objection by saying that the object of his testimony was to prove that Cleveland was yet alive. As the case stood at that point of the trial, Cleveland was proved to be dead. Even assuming (which we do not decide) that in this action the defendant might dispute the fact of Cleveland's death, still the express language of the Code forbade him, a party called in his own behalf, to testify to personal communications between him and Cleveland, against Cleveland's administratrix. There could be no doubt that the plaintiff actually held that character; and therefore the statute protects her from the testimony of the opposing party as to such matters. The only condition which would allow this testimony to be received, is, that it should first be established, otherwise than by the defendant's testimony, that Cleveland was not dead at the time of the trial, if, indeed, the conclusive effect of the letters of administration is open to contradiction. It should be particularly noticed, that the defendant offered no evidence of any communications between himself and Cleveland *subsequent* to the issue of the letters. No such question arises, therefore, as an offer

to show transactions with a living man, at a date after letters of administration had been issued on his estate.

Third. If the matters offered had been admitted, the result could not have been changed. The surrogate had decided (and we must presume on sufficient proof) that Cleveland was dead. In making that decision he was not limited to the evidence given by the petitioner. He was at liberty to take other proof. Whether he did so or not does not appear. Now the defendant offered to prove that, when Cleveland went away, he said that he intended to be gone a long time; that he was on unfriendly terms with his sister; and similar matters which might tend to account for a protracted absence. Suppose that these had been proved. Would they have authorized the referee to hold the letters of administration null? For all that appears, these very facts may have been before the surrogate when he decided. For all that appears, he may have had positive proof of Cleveland's death. It is not here a mere question of presumptions. A tribunal, specially charged with the duty, has decided that Cleveland is dead. This offer is an attempt to have this court come to a different conclusion on the same evidence, or part of the same. And the evidence now offered is quite insufficient. For it is not an offer to show anything which took place after the letters of administration were issued.

Fourth. The defendant further objects that the plaintiff is not entitled to the avails of the land, sold in 1867 under partition, because, as he avers, Cleveland must be presumed to have died in 1865, and the land must be presumed to have descended, then, to his heirs, before the sale.

There seems to be a slight inconsistency in these several positions of the defendant. He urges, first, that Cleveland is now alive, and secondly, that he was dead in 1865. But as the land was partitioned against Cleveland, and as the defendant, Cleveland's attorney, received his share, it does not lie with him to deny that it was Cleveland's money. He is estopped.

In regard to these objections, it may be said, that if the defendant had voluntarily paid the plaintiff, no one would probably doubt that such payment would be good.

It must be that a debtor may safely pay to the administrator, without inquiry as to the actual fact of the death of the alleged

intestate.   If this be so, it would seem that all these objections are quite immaterial to the defendant.

The judgment must be affirmed.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment affirmed.