MARY ANN BACON, RESPONDENT, *v.* J. LANSING VAN SCHOONHOVEN, APPELLANT, IMPLEADED WITH OTHERS.

*Recording acts — who protected by — satisfaction of mortgage, a conveyance within — distribution of surplus.*

G. Smith, on October 10, 1866, mortgaged certain premises to one Owens, who, on July 5, 1867, assigned the mortgage to W. Smith, who, on October 1, 1868, assigned it to the plaintiff. The mortgage was recorded October 15, 1866, and the two assignments February 9, 1877. In February, 1876, Smith applied to one Van Schoonhoven for a loan on the premises; Van Schoonhoven, having searched the records, refused to make the loan unless the Owens mortgage was satisfied, he having no knowledge of its having been assigned. Smith procured a satisfaction piece from Owens, paying nothing therefor, and delivered it to Van Schoonhoven, who recorded it and his mortgage at the same time February 9th, 1876.

In an action by the plaintiff to foreclose her mortgage, *held*, that Van Schoonhoven was protected by the recording act, and that his mortgage was entitled to priority over that of the plaintiff.

A satisfaction piece of a mortgage is a conveyance, within the meaning of that term, as used in the recording act, 1 Revised Statutes, 762.

After the execution of the Owens mortgage, and before the execution of the one to Van Schoonhoven, and on November 4, 1871, Smith gave a mortgage on the same premises to one Carpenter, which was duly recorded January 3, 1872.

*Held*, that in distributing the proceeds arising under the sale, there should first be set apart the amount due on the Owens mortgage, and that that amount, or so much thereof as might be necessary, be applied on the mortgage to Van Schoonhoven, and the balance, if any, on the Owens mortgage. The residue of the proceeds of the sale should be first applied on the Carpenter mortgage, and next on the balance remaining due on the Van Schoonhoven mortgage, and lastly, any remaining surplus should be applied on the Owens mortgage.

APPEAL from a judgment entered upon the trial of this action by the court, without a jury.

Grodus D. Smith and Samuel W. Smith mortgaged to Matthew Owens, the premises described in the complaint, for $3,500. The mortgage was dated the 10th day of October, 1866, and was recorded in the office of the clerk of the county of Saratoga, on the 15th day of October, 1866. Matthew Owens, by written assignment, dated July 5, 1867, assigned the bond and mortgage to William C. Smith, and William C. Smith, by written assignment, dated October 1, 1868, assigned the same bond and mortgage to the plaintiff. Neither of these assignments was recorded until the 9th day of February, 1877.

At the time of the commencement of this action there was due and unpaid on this bond and mortgage $1,000, with interest from the 1st of October, 1877.

November 4, 1871, Grodus D. Smith, being still the owner of the mortgaged premises, executed another mortgage to Amanda W. Carpenter, for $1,200, which was recorded in said clerk's office January 3, 1872, and on which there was due February 4, 1876, $700, and interest from November 4, 1875.

A short time prior to the 4th of February, 1876, Grodus D. Smith, being still the owner of the mortgaged premises, applied to the defendant, Van Schoonhoven, for a loan of $3,800, to be secured by a mortgage on the premises in question and other premises. Van Schoonhoven caused an examination of the records in Saratoga county to be made by the county clerk, and from this search it appeared that said mortgages to Matthew Owens and Amanda M. Carpenter were the only incumbrances on the premises.

Van Schoonhoven had no knowledge or information that any other person than Matthew Owens was or claimed to be the owner of or interested in the Owens mortgage. He refused to make the loan, unless Smith would procure a satisfaction of said mortgage to Owens, showing that it was fully paid. Smith thereupon procured Matthew Owens to execute a satisfaction of his said mortgage. No payment was made to Owens when he executed this satisfaction. Van Schoonhoven thereupon loaned to Smith $3,800; and, as security therefor, received from him a mortgage on said premises, together with the satisfaction piece executed by Owens, and this mortgage and satisfaction piece Van Schoonhoven recorded at the same time, viz. on the 9th day of February, 1876.

In December, 1877, Van Schoonhoven bought the Carpenter mortgage, being forced to do so in order to prevent a foreclosure of the same, and at that time supposed that was the only lien on the premises prior to his $3,800 mortgage.

The plaintiff brought this action in the usual form for the foreclosure of her mortgage, making the usual allegation that the defendant, Van Schoonhoven, had an interest or lien in the premises subsequent and subject to the lien of her mortgage. The

defendant, Van Schoonhoven, answered, setting forth the above facts, and claiming priority over the plaintiff's mortgage.

The court held that the lien of the plaintiff's mortgage was prior to that of both the mortgages owned by Van Schoonhoven, and directed judgment to that effect and for the usual foreclosure sale.

*Charles E. Patterson*, for the appellant. Under the provisions of the recording acts of this State the mortgage of the plaintiff is clearly subject to the mortgage for $3,800 made to the defendant, Van Schoonhoven. (2 R. S. [6th ed.], 1138, § 1; 1 id., 756, § 1; 2 id. [6th ed.], 1151, §§ 71, 72; 1 id., 762, §§ 37, 38; *Vanderkemp* v. *Shelton*, 11 Paige, 28, 37, 38; *Belden* v. *Meeker*, 2 Lans., 470, 475; *S. C.*, 47 N. Y., 307.

*W. L. Graham* and *John R. Putnam*, for the respondent. It is submitted that where a recorded mortgage has been assigned by the mortgagee, and the assignments are not on record, that said mortgage cannot be satisfied by the mortgagee as against the assignee in favor of a subsequent purchaser or mortgagee of the mortgaged premises *without actual payment*. (*Green* v. *Warrick*, 64 N. Y., 226–227; *Crane* v. *Turner*, 67 id., 440–441; *Campbell* v. *Veeder*, 3 Keyes, 178; *Purdy* v. *Huntington*, 42 N. Y., 338–339; *Vanderkemp* v. *Shelton*, 11 Paige, 29; *Brown* v. *Blydenburg*, 7 N. Y., 14.)

LEARNED, P. J.:

A mortgagee may discharge the land from the lien of the mortgage by executing a quit claim deed to the mortgagor. That is the usual course, when a part only of the land is to be released. Let us suppose then that Owens, under circumstances similar to those stated in this case, had executed, to Gradus D. Smith, a release of a part of the land, which release was recorded; and that, thereupon, Van Schoonhoven had lent Smith money, and had taken and recorded a mortgage, in good faith, on the land so released. Van Schoonhoven would have been a "purchaser," under the recording act, because he would have been a person to whom an interest in real estate would have been conveyed for a

valuable consideration. (1 R. S., 762, § 37.) The assignments of the mortgage from Owens to William C. Smith, and from William C. Smith to the plaintiff, were "conveyances," under the recording act, because they were instruments by which an interest in real estate was aliened, or by which the title to real estate was affected. (§ 38.) These conveyances were not recorded until February 9, 1877. While, in the supposed case, Van Schoonhoven's mortgage would have been recorded February 9, 1876. Van Schoonhoven, therefore, would have been a subsequent purchaser of the land, whose conveyance would have been first duly recorded. And the assignments of the Owens mortgage would have been void as to him. (1 R. S., 756, § 1.)

In the present case, however, instead of executing a quit claim of the whole, or a part, of the mortgaged premises, the mortgagee executed to the mortgagor a "satisfaction piece" of the mortgage. (1 R. S., 761, §§ 28, 29.) This is a simple mode of reconveying, or releasing, the land from the lien of the mortgage. It is a "conveyance" under the recording act; for by it an interest in real estate is aliened, and the title to real estate is affected in law and in equity. (§ 38, *ut supra.*) It operates to transfer back to the mortgagor the mortgage interest held by the mortgagee.

And, therefore, the "satisfaction piece" must be treated like a quit claim or release to the mortgagor. Then we have, in the present case, a conveyance from Owens to Gradus D. Smith, of an interest in real estate ; a subsequent conveyance, by Gradus D. Smith to Van Schoonhoven, of an interest in the same real estate for a valuable consideration. And Van Schoonhoven is a purchaser in good faith, and records his conveyance at once, February 9, 1876. We have the further fact that Owens had, however, previously conveyed his interest in the real estate to William C. Smith, who had also previously conveyed to the plaintiff. · But neither of these conveyances had been recorded when Van Schoonhoven recorded his. As to him, therefore, they were void. (*Vanderkemp* v. *Shelton*, 11 Paige, 28; *Belden* v. *Meeker*, 2 Lans., 470; *S. C.*, 47 N. Y., 307.)

Unless this view is correct, it is impossible that a mortgage should ever be discharged of record, so that a person could safely deal with the original mortgagor. If a satisfaction, executed by

the mortgagee, who, so far as the record shows, is still the holder of the mortgage, does not relieve the land from the lien, as regards subsequent *bona fide* purchasers for value, how can the land ever be relieved from the apparent lien ? The mortgage may even be in fact paid, but it will be impossible to put on the record any evidence of this fact, on which a purchaser can rely. He can never be certain that the person who executed the satisfaction had not previously assigned the mortgage.

But again, suppose Gradus Smith had executed, not a mortgage, but a deed to Owens ; and Owens had conveyed to William C. Smith, and William C. Smith to the plaintiff; and that these last two conveyances had not been recorded. Then if Owens had conveyed back to Gradus Smith, and Gradus Smith had mortgaged to Van Schoonhoven, in good faith, and for a valuable consideration ; and Van Schoonhoven had recorded his mortgage, is there any doubt that it would have had priority over the unrecorded titles of the plaintiff ? And where is the essential difference in the cases ?

The plaintiff insists, however, on another point. Van Schoonhoven, when about to make the loan, examined the records and found the mortgage to Owens. He told Gradus Smith that he would not loan him the money, unless the Owens mortgage were satisfied. Gradus Smith procured the satisfaction piece, and delivered it, with his bond and mortgage, to Van Schoonhoven ; and Van Schoonhoven had both satisfaction piece and mortgage recorded together. The plaintiff, therefore, insists that, when Van Schoonhoven took his mortgage, the Owens mortgage was not, in fact, canceled of record. But there is no doubt that Van Schoonhoven was a purchaser in good faith. He believed that the Owens mortgage was paid, having agreed to loan, only on condition that the Owens mortgage was paid. And then, receiving satisfactory evidence that it had been paid, before he parted with his money, he was a purchaser in good faith and for a valuable consideration under section 1, above cited. For he had in his possession what was, in effect, a reconveyance to Gradus Smith from the only person who, on the record, had the incumbrance. Being, therefore, such a purchaser, and having recorded his conveyance, he is protected against the unrecorded convey-

.ances from Owens to William C. Smith, and from William C. Smith to the plaintiff. (§ 1, *ut supra.*)

On principles of equity Van Schoonhoven should be protected. He did everything in his power to ascertain whether, or not, the mortgage was paid. While, on the contrary, the neglect of the plaintiff to record the two assignments was that which enabled Owens to give the satisfaction piece, and thus to defraud Van Schoonhoven; if his mortgage is to be postponed to hers. The plaintiff objects that the bond and mortgage was not produced to Van Schoonhoven. There was no reason for their production. A bond and mortgage, which have been paid, need not be returned to the mortgagor. They are of no value. And Van Schoonhoven had reason to believe that these were paid.

There is a further complication arising from the Carpenter mortgage, executed and recorded after the Owens mortgage, and before that of Van Schoonhoven, known by Van Schoonhoven to be a lien, and since purchased by him. In the view above taken, the Owens mortgage is prior to the Carpenter mortgage; the Carpenter mortgage is prior to the Van Schoonhoven mortgage; and the Van Schoonhoven mortgage is prior to the Owens mortgage.

The equitable rule, in such a case, is this. From the avails of the sale there must be set apart the amount of the Owens mortgage. That amount, or so much thereof as may be necessary therefor, is to be applied on the Van Schoonhoven mortgage, and the balance thereof, if any, on the Owens mortgage. The residue of the avails, after thus setting apart the amount of the Owens mortgage, is to be applied, first on the Carpenter mortgage, and next on the balance remaining on the Van Schoonhoven mortgage; and, lastly, the surplus is to be applied on the Owens mortgage.

In the present case this rule is equivalent to paying the Carpenter and the Van Schoonhoven mortgages before that of Owens. If, however, the Owens mortgage had been larger than the Van Schoonhoven mortgage, the importance of those special provisions would have appeared.

Van Schoonhoven would be entitled to his costs of the action, and of this appeal, to be paid first after the referee's fees and expenses. The plaintiff would be entitled to her costs of the action, not of the

appeal, to be paid after the payment of the Carpenter and Van Schoonhoven mortgages.

This appeal is from the decision, without the making of any case. We should be disposed to modify the judgment in accordance with these views, without granting a new trial, if it were not for one fact. The mortgage of Van Schoonhoven covers other property. The plaintiff may perhaps have a right to insist that this other property shall be first applied to the payment of the Van Schoonhoven mortgage ; or may even have a right of subrogation against such other property, since, in our view of the case, the plaintiff, as to the Van Schoonhoven mortgage, is a subsequent incumbrancer on one parcel of land, while he has a lien on the other land also. What equities there may be in respect to that other land, who is the owner and the like, we cannot here determine.

And, therefore, we think that there should be a new trial, and that the costs of the appeal should abide the final judgment of the court.

Present — LEARNED, P. J., and BOARDMAN, J.

BOCKES, J., taking no part.

Judgment reversed, new trial granted; costs of appeal to abide final judgment of court.