### BRADNER et al. v. WOODRUFF et al.

*(Supreme Court, General Term, Fifth Department.* February 8, 1889.)

BANKS AND BANKING—INSOLVENCY—ASSIGNMENT.

    The general banking act (Laws N. Y. 1882, c. 409) § 186, provides that no transfer of its effects to an amount exceeding $1,000 by any corporation contemplated by the act shall be made, unless authorized by a previous resolution of its board of directors. Section 187 provides that no transfer, etc., made in contemplation of insolvency, with the intention of preferring any particular creditor, shall be valid. Two days after the receiver of an insolvent bank was appointed, the cashier, unauthorized by resolution of the directors, transferred securities of the bank to secure certain creditors. *Held,* that such transfer was void, and it is immaterial that arrangements therefor had been made several days before the receiver was appointed.

Appeal from special term, Livingston county.

Action by Alonzo Bradner and another against Lamen C. Woodruff and others. An order was entered requiring Bradner to deliver to Reuben Whiteman, as receiver of the Bank of Dansville, certain bonds, coupons, and notes, the property of the bank, and plaintiffs appeal.

Argued before BARKER, P. J., and DWIGHT and ADAMS, JJ.

*J. A. Vanderlip,* for appellants. *M. W. Cooke,* for respondents.

ADAMS, J. Very little conflict respecting the facts of this case is disclosed by the motion papers, and it was correctly assumed by the court below that certain questions had been so far settled as to admit of no further discussion. One of the questions thus referred to is the fact that the corporation known as the Bank of Dansville was not dissolved by the adoption of a resolution to close its business and the subsequent proceedings taken thereunder. It seems to be equally well established that at the time the receiver was appointed herein, to-wit, May 19, 1884, the Bank of Dansville was insolvent, and that while in this condition the bonds and notes in question were transferred to the plaintiff Bradner by Luther Grant, the cashier of the bank. The assignment of these securities was dated May 21st, but it is claimed that the arrangement for their transfer was concluded two or three days prior to the appointment of the receiver. This is a matter of slight consequence, however, inasmuch as the facts admit of no other conclusion than that the assignment was made in contemplation of the bank's insolvency. It is not claimed that this transfer was made in pursuance of any resolution of the directors of the bank or that they, as a body, had any knowledge of it, and the only explanation offered for the cashier's action is that the transfer was designed to secure certain creditors of the bank, whose claims had been long existing. Upon this state of facts the special term held that the assignment was void and transferred no title to the transferee.

It is now contended by the learned counsel for the appellants that the conclusion reached by the court below was based upon the erroneous assumption that section 4, tit. 4, c. 18, Rev. St., was applicable to and decisive of the question there presented, whereas that section had been repealed by chapter 402, Laws 1882. So far as the repeal of the section referred to is concerned, the learned counsel is doubtless correct, but he appears to have overlooked the fact that the same legislature which repealed that section consolidated and revised the various statutes relating to banks, banking and trust companies,

with the obvious design of framing a general banking act for the government of all banking corporations and institutions. Laws 1882, c. 409. Section 186 of this act provides that "no conveyance, assignment, or transfer, not authorized by a previous resolution of its board of directors, shall be made by any such corporation of any of its real estate, or any of its effects, exceeding the value of one thousand dollars," and by the succeeding section it is further provided that "no such conveyance, assignment, or transfer, nor any payment made, judgment suffered, lien created, or security given by any such corporation when insolvent, or in contemplation of insolvency, with the intent of giving a preference to any particular creditor over other creditors of the company, shall be valid in law; and every person receiving, by means of any such conveyance, assignment, transfer, lien, security, or payment, any of the effects of the corporation, shall be bound to account therefor to its creditors or stockholders, or their trustees, as the case shall require." The sections above quoted, prior to the act of 1882, formed a portion of the statute relating to moneyed corporations, and the question of whether or not they were applicable to banks or banking institutions was the occasion of much dispute and contrariety of opinion in the court of appeals. In some of the earlier cases no doubt seems to have been entertained but that they were thus applicable. *Gillet* v. *Moody*, 3 N. Y. 479; *Talmage* v. *Pell*, 7 N. Y. 328; *Gillet* v. *Phillips*, 13 N. Y. 114. This view of the question was subsequently reversed, however, in an elaborate opinion concurred in by a bare majority of the court, (*Leavitt* v. *Blatchford*, 17 N. Y. 521,) and the doctrine of the last-mentioned case has since been followed and approved, (*Belden* v. *Meeker*, 47 N. Y. 307–311.) Had there been no intervening legislation affecting the subject, we should, of course, feel constrained to follow these later decisions, and hold, with the learned counsel for the appellants, that there was no statutory provision which inhibited the transfer of the securities in question; but, as has already been suggested, the act of 1882 (chapter 409) was evidently designed to codify all the statutes relating to banks and moneyed corporations, and thereby to bring what was before fragmentary and disconnected into a harmonious whole. To this end all previous statutes bearing upon the various subjects mentioned in this chapter, including title 2, c. 18, pt. 1, Rev. St., which relates to moneyed corporations, were repealed, (chapter 402, Laws 1882, § 1, subd. 39,) and chapter 409 was substituted in lieu thereof. By the very first section of this last-mentioned chapter the bank department, which previously had been charged with the execution of the laws relating to banks only, (chapter 164, Laws 1851, § 1,) is invested with jurisdiction relative to all other moneyed corporations except insurance companies. Then, again, the sections of the entire chapter are numbered consecutively; and still other circumstances might be pointed out, all tending to show an intention on the part of the legislature to bring the various provisions of the act into relation with each other. That, as thus amended and revised, sections 186 and 187 apply to banks, was assumed by this court in a recent case, (*Atkinson* v. *Printing Co.*, 43 Hun, 167;) and a further examination of the questions leads us to the conclusion that the assumption there indulged in was correct. It follows, therefore, that the transfer of the securities in question, having been made in contemplation of the bank's insolvency, if not when it was actually in that condition, and without any authority from the board of directors, was void, within the letter as well as the policy of the statute, and the order appealed from must consequently be affirmed, with $10 costs and disbursements. All concur.