ALONZO BRADNER AND JOHN A. VANDERLIP, AS EXECU-·
TORS, ETC., OF CONRAD WELCH, DECEASED, APPELLANTS, *v.*
LAUREN C. WOODRUFF AND OTHERS, AS SURVIVING
TRUSTEES OF THE BANK OF DANSVILLE, RESPONDENTS.

*Banks — sections 186 and 187 of chapter 409 of 1882 are applicable to banks.*

Sections 186 and 187 of chapter 409 of the Laws of 1882, relating to conveyances
and assignments by moneyed corporations, and to the giving of preferences to
creditors thereof, are applicable to banks.

*Atkinson, Recr.,* v. *The Rochester Printing Company* (43 Hun, 167) followed.
*Leavitt* v. *Blatchford* (17 N. Y., 521); *Belden* v. *Meeker* (47 id., 307) distinguished.

APPEAL from an order of the Special Term requiring the plaintiff
Alonzo Bradner to deliver to Reuben Whiteman, as receiver, etc., of
the Bank of Dansville, certain bonds, coupons and promissory notes,
the property of said bank, which order was entered in the Living-
ston county clerk's office on the 23d day of September, 1887.

This was a proceeding brought by R. Whiteman, as receiver of
the Bank of Dansville, to compel Alonzo Bradner to deliver to him
certain securities belonging to him as receiver. Said Alonzo Bradner
claimed the title to the bonds and notes under written transfers, one
dated May 20, 1884, and the other May 21, 1884. On the reference
Alonzo Bradner claimed that he arranged with A. H. Bradner and
Luther Grant for the transfers of these securities and received them
two or three days before the nineteenth of May (the date of the
receiver's appointment), and that the assignments were drawn at that
time, but were signed, as had been agreed upon between him and
the cashier Grant and A. H. Bradner, before the appointment of the
receiver.

*J. A. Vanderlip,* for the appellants.

*M. W. Cooke,* for the respondents.

ADAMS, J.::

Very little conflict respecting the facts of this case is disclosed by
the motion papers, and it was correctly assumed by the court below
that certain questions had been so far settled as to admit of no
further discussion. One of the questions thus referred to is the fact

that the corporation known as the Bank of Dansville was not dissolved by the adoption of a resolution to close its business and the subsequent proceedings taken thereunder. It seems to be equally well established that at the time the receiver was appointed herein, to wit, May 19, 1884, the Bank of Dansville was insolvent, and that while in this condition the bonds and notes in question were transferred to the plaintiff Bradner by Luther Grant, the cashier of the bank. The assignment of these securities was dated May twenty-first, but it is claimed that the arrangement for their transfer was concluded two or three days prior to the appointment of the receiver. This is a matter of slight consequence, however, inasmuch as the facts admit of no other conclusion than that the assignment was made in contemplation of the bank's insolvency. It is not claimed that this transfer was made in pursuance of any resolution of the directors of the bank, or that they, as a body, had any knowledge of it, and the only explanation offered for the cashier's action is that the transfer was designed to secure certain creditors of the bank, whose claims had been long existing. Upon this state of facts the Special Term held that the assignment was void and transferred no title to the transferee.

It is now contended by the learned counsel for the appellant that the conclusion reached by the court below was based upon the erroneous assumption that section 4 of title 4 of chapter 18 of part 1 of the Revised Statutes was applicable to and decisive of the question here presented, whereas that section has been repealed by chapter 402 of the Laws of 1882. So far as the repeal of the section referred to is concerned, the learned counsel is doubtless correct; but he appears to have overlooked the fact that the same legislature which repealed that section consolidated and revised the various statutes relating to banks, banking and trust companies, with the obvious design of framing a general banking act for the government of all banking corporations and institutions. (Laws 1882, chap. 409.) Section 186 of this act provides that "no conveyance, assignment or transfer, not authorized by a previous resolution of its board of directors, shall be made by any such corporation of any of its real estate, or any of its effects, exceeding the value of one thousand dollars," and by the succeeding section it is further provided that "no such conveyance, assignment or transfer, nor any payment

made, judgment suffered, lien created or security given by any such corporation when insolvent, or in contemplation of insolvency, with the intent of giving a preference to any particular creditor over other creditors of the company, shall be valid in law; and every person receiving, by means of any such conveyance, assignment, transfer, lien, security or payment, any of the effects of the corporation, shall be bound to account therefor to its creditors or stockholders, or their trustees, as the case shall require." The sections above quoted, prior to the act of 1882, formed a portion of the statute relating to moneyed corporations; and the question of whether or not they were applicable to banks or banking institutions was the occasion of much dispute and contrariety of opinion in the Court of Appeals.

In some of the earlier cases no doubt seems to have been entertained but that they were thus applicable. (*Gillet* v. *Moody*, 3 Comst., 479; *Talmage* v. *Pell*, 3 Seld., 328; *Gillet* v. *Phillips*, 3 Kern., 114.) This view of the question was subsequently reversed, however, in an elaborate opinion concurred in by a bare majority of the court (*Leavitt* v. *Blatchford*, 17 N. Y., 521), and the doctrine of the last-mentioned case has since been followed and approved. (*Belden* v. *Meeker*, 47 N. Y., 307–311.)

Had there been no intervening legislation affecting the subject, we should, of course, feel constrained to follow these later decisions, and hold, with the learned counsel for the appellant, that there was no statutory provision which inhibited the transfer of the securities in question, but, as has already been suggested, the act of 1882 (chap. 409) was evidently designed to codify all the statutes relating to banks and moneyed corporations, and thereby to bring what was before fragmentary and disconnected into a harmonious whole. To this end all previous statutes bearing upon the various subjects mentioned in this chapter, including title 2 of chapter 18 of part 1 of the Revised Statutes, which relates to moneyed corporations, were repealed (chap. 402, Laws 1882, § 1, sub. 39), and chapter 409 of 1882, was substituted in lieu thereof. By the very first section of this last-mentioned chapter the bank department, which previously had been charged with the execution of the laws relating to banks only (chap. 164, Laws of 1851, § 1), is invested with jurisdiction relative to all other moneyed corporations, except insurance companies;

then, again, the sections of the entire chapter are numbered consecutively, and still other circumstances might be pointed out all tending to show an intention on the part of the legislature to bring the various provisions of the act into relation with each other. That, as thus amended and revised, sections 186 and 187 apply to banks was assumed by this court in a recent case (*Atkinson, Recr.,* v. *The Rochester Printing Co.,* 43 Hun, 167), and a further examination of the question leads us to the conclusion that the assumption there indulged in was correct.

It follows, therefore, that the transfer of the securities in question having been made in contemplation of the bank's insolvency, if not while it was actually in that condition, and without any authority from the board of directors, was void within the letter as well as the policy of the statute, and the order appealed from must, consequently, be affirmed, with ten dollars costs and disbursements.

BARKER, P. J., and DWIGHT, J., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.