THELMA WALTHOUR, as Administratrix of the Estate of LE ROY WALTHOUR, Deceased, et al., Plaintiffs, *v.* PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY et al., Defendants.

Supreme Court, Trial Term, Kings County, November 13, 1951.

*Frances V. Rothenberg* for plaintiffs.

*Philip J. O'Brien* for defendants.

KLEINFELD, J. Plaintiff moves " for an order substituting Dorothy Frasier, as Administratrix of the goods, chattels and credits which were of Le Roy Walthour, deceased, as party plaintiff in the above entitled action, in the place and stead of Thelma Walthour, as Administratrix of the goods, chattels and credits which were of Le Roy Walthour, deceased, nunc pro tunc, as of the date of the commencement and to amend the title of the action and of all of the pleadings heretofore had herein to said effect." Defendant makes a cross motion to reargue motion to dismiss the complaint.

This death action was instituted by Thelma Walthour, as administratrix of her deceased husband. The complaint alleged that prior to the commencement of this action limited letters of administration were duly issued to Thelma Walthour by the Surrogate of Kings County and that she was then acting as such administratrix. In its answer defendant Public Service Interstate Transportation Company denied any knowledge or information sufficient to form a belief as to the truth of the aforesaid allegations.

On the last day of a six-day trial before this court in May of this year, it developed that said Thelma Walthour was not twenty-one years of age. Thereupon plaintiff's attorney moved to appoint Rose Jones, plaintiff's mother, as her guardian ad litem for the purpose of this action *nunc pro tunc*. This motion was granted without objection. Thereafter the trial proceeded to its conclusion and judgment was entered in favor of plaintiff upon the jury's verdict.

It appears that after an appeal to the Appellate Division was taken (which is still pending) and on August 14, 1951, Dorothy Frasier was appointed general guardian of the infant Thelma Walthour by a decree of the Surrogate's Court of Kings County; that thereafter, as such general guardian, she petitioned for and obtained a decree dated September 18, 1951, revoking the limited letters of administration issued to Thelma Walthour. Subsequently, by a decree of the Surrogate's Court of this county dated September 27, 1951, the said Dorothy Frasier was granted letters of administration *de bonis non* of the estate of Le Roy Walthour, deceased.

In opposition to the plaintiff's motion, the defendant contends that since section 94 of the Surrogate's Court Act provides that no person under the age of twenty-one years is competent to serve as an administrator, the appointment of Thelma Walthour to act as administratrix of the estate of her deceased husband was void. Thus, it is argued, the institution of this statutory action by Thelma Walthour, as administratrix, was premature and so fatally defective as to deprive this court of jurisdiction thereof.

I find no merit to defendant's contention. The defect, if any, was not jurisdictional but procedural. Letters of administration are conclusive evidence of the authority of the person to whom granted and are sufficient to establish the representative character of the party who assumes to sue by virtue thereof (*Carroll* v. *Carroll*, 60 N. Y. 121, 123; *Belden* v. *Meeker*, 47 N. Y. 307; *Farley* v. *McConnell*, 52 N. Y. 630).

It was stated in *Belden* v. *Meeker* (*supra*, p. 310) that " when the complaint alleges the death of the intestate, and the due and legal appointment of the plaintiff as the administrator of the estate, and the answer contains only a general denial of those allegations, the letters of administration in due form, produced in evidence, are sufficient to establish the representative character in which the plaintiff assumes to sue. [citing cases] "

In *O'Connor* v. *Huggins* (113 N. Y. 511, 516–517), we find the following apposite statement: '' Surrogates' Courts * * * have possessed the general and exclusive jurisdiction to order the administration upon the estates of deceased persons, and, where jurisdiction to act exists, their orders and decrees are made conclusive until they are revoked, or reversed on appeal * * *. The plea, when urged collaterally, that the decision was erroneous, must always be unavailing. For its errors the remedy was by a direct proceeding for their correction, and subsequent proceedings, which rest upon the decree, will not be affected, however erroneous the adjudication may be urged to have been.''

In *Abbott* v. *Curran* (98 N. Y. 665, 667–668), it was said: '' The plaintiff was properly appointed administrator; but even if there was any irregularity in his appointment, his letters were conclusive evidence of his authority until revoked. (Code, § 2591.) And certainly where an administrator has prosecuted an action to judgment, after proper service of summons on all the defendants, the judgment and a sale under it cannot be assailed by any of them because of any irregularity or even want of jurisdiction in granting the letters of administration.'' (See, also, Surrogate's Ct. Act, § 90.)

The cases relied upon by defendant, such as *Boffe* v. *Consolidated Tel. & Elec. Subway Co.* (171 App. Div. 392) and *Smith* v. *New York Central R. R. Co.* (183 App. Div. 478) are factually distinguishable from the case at bar and are, therefore, inapplicable. In those cases, the actions were prematurely brought before the appointment of a personal representative.

The revocation of the original letters of administration issued to Thelma Walthour does not affect the validity of the judgment entered herein (see Surrogate's Ct. Act, § 85).

Under sections 105, 109 and 111 of the Civil Practice Act, the movant is entitled to a substitution of Dorothy Frasier, as administratrix of the deceased, as successor in interest to Thelma Walthour, as administratrix. This substitution is not made *nunc pro tunc* but as of the present time.

It is important to note that in all matters pertaining to the appeal itself and to the proper hearing thereof, as well as with respect to all applications which by statute may be made to the appellate court after the taking of an appeal, the appellate court has jurisdiction, but as to all other applications the case is regarded as still pending in the court of original jurisdiction, and such applications should be made to that court. (See

*People ex rel. Hoffman* v. *Board of Educ. of City of N. Y.,* 141 N. Y. 86, 87.)

In view of the foregoing, plaintiff's motion is granted to the extent of substituting Dorothy Frasier, as administratrix of the goods, chattels and credits which were of Le Roy Walthour, deceased, as party plaintiff in this action in the place and stead of Thelma Walthour, as administratrix, etc., and to amend the title accordingly.

Defendant's cross motion to reargue motion to dismiss the complaint is denied.

Settle order, or orders, on notice.