### JORDAN V. HUDSON'S EX'ORS.

Where a conveyance of land is made, with a clause of defeasance, or an absolute conveyance, taking a separate mortgage to secure the payment of the purchase money or part thereof, and the vendor sues upon the notes and obtains judgment and sells the land in part satisfaction thereof, *Quere?* Whether the purchaser at the execution sale would take the land discharged of the lien for the balance of the purchase money. *It seems*, that the property would be discharged of the incumbrance, by a sale under a decree of sale, upon a regular foreclosure of the mortgage.

Where a bond for title was given, and a note taken for the purchase money, and suit was brought upon the note and judgment obtained and execution issued and levied upon the land, which was sold for less than the amount of the judgment, it was held that the land passed to the purchaser at the execution sale, subject to the balance of the purchase money due.

A surety who has paid the debt of his principal, is entitled to be subrogated to all the rights, including rights of lien, of the creditor whose claim he has paid.

Appeal from Fayette.   The facts are stated in the opinion of the Court.

*Chandler & McFarland*, for appellant, cited the following authorities, to the point upon which the case was decided: 2 Ohio, R. 223, 224; 1 Id. 281, 313, 318; 4 Id. 249; 8 Id. 21; 12 Id. 79–81; 15 Id. 468–470.

*J. A. & R. Green*, for appellees, cited the following authorities, to the same point: Hart. Dig. Art. 1345; Atkins v. Sawyer, 1 Pick. R. 351; Goring's Ex'or v. Shreve, 7 Da. R.

66; Jackson v. Hall, 10 Johns. R.; 4 Kent, 98, 260; Uzzel v. Mack, 4 Humph. R. 319; 1 Sto. Eq. Sec. 499 c, note; 2 Meig's Dig. SURETYSHIP, SUBSTITUTION, Sec. 1851.

LIPSCOMB, J.   It appears that at a sale of land, under an order of the Probate Court, Borden, the administrator, sold land, and Mayfield became the purchaser, and gave his note for the purchase money, with Hudson as his security.   At the same time, Borden, the administrator, made and executed to Mayfield an instrument of writing that would be difficult to give a designation, known to the law, or to any known usage. It commences with a bond for six hundred dollars, payable to Mayfield by Borden, and purports to be under the following condition.   It then sets out the death of Lapham, the appointment of the obligor, Borden, as his administrator, an application to the Probate Court for an order of sale for a certain portion of the land belonging to the succession, to pay certain specified debts, the order of the Court; states that it had been advertised, that Mayfield had been the purchaser; names the price; that he was to have and to hold the same, reserving, nevertheless, on the land, a special lien and mortgage for the payment of the note given for the purchase money; that on payment, the obligation would be executed.

After the maturity of the note given for the purchase money, suit was brought upon it, against Mayfield and Hudson, and judgment obtained.   In the suit there was no prayer for a decree that the land should be sold in satisfaction of the lien, nor anything alleged in the petition, about the lien.   Hudson having died, *scire facias* issued to Green and Faison, to make them parties, and an execution run against Mayfield, and the execution was levied on lands as the property of Mayfield, and also upon the land purchased by him, for which the note sued upon was given.   The last named, as appears from the Sheriff's return, was pointed out for levy, by Mayfield.   There were two other tracts and the one last above named sold—the last purchased by Jordan for sixty dollars.   The proceeds of

this tract, as well as the others, were applied to Borden's execution, leaving a considerable balance on the execution unsatisfied. This balance was paid by the executors of Hudson, and they then filed their petition, praying to be substituted in the place of the administrator, the vendor of the land, and to have his lien enforced, for the reimbursement of the money paid by them, on the execution. Jordan intervened, claiming that the legal title to the land passed to him as the purchaser at Sheriff's sale under Borden's execution against Mayfield. On the final hearing, the claim of Jordan was dismissed with costs, and a decree for enforcing the lien on the land, to reimburse the executors of Hudson, from which Jordan appealed.

It has before been said that it is difficult to define the name of the instrument given by Borden, the administrator, to Mayfield. Had it been an absolute deed, vesting the fee in him, with a clause of defeasance, on failure to pay the purchase money; or an absolute deed, and Mayfield, at the time, executed a mortgage for the payment of the purchase money, and the land had been sold as in the present case, so far as the authority of adjudged cases go, it would seem that the purchaser would take the land subject to the lien. But the principles upon which those cases were decided, have not been entirely satisfactory; and we shall not, in this case, express any decided opinion respecting them. The instrument referred to in this case, cannot, by any fair construction, have vested the legal title in Mayfield; it cannot be regarded as anything more than furnishing evidence to him, which, on the payment of the money, gave him a right to demand title. If the purchase was a good one, this would be a valuable right; and it was all the right he had; and the purchaser could take no better than he himself had in the land. To such the purchaser was substituted; and there can be no question, that if he would relieve the incumbrance, by paying the balance of the money, he would be in a position to claim a title in equity, and procure the legal title. There were a great many questions presented in this case, upon the record, that cannot be

considered as material to the result, whether decided correctly or not, in the Court below. We believe, the only one at all material, is the one we have noticed, as to what right was acquired by the purchaser at Sheriff's sale. We believe there is no error in the judgment of the Court below; and it is affirmed.

Judgment affirmed.