[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 62 
The first and second propositions presented by the counsel for the appellant upon the argument were based upon the third, fourth and fifth objections taken upon the trial on the motion to dismiss the complaint, and were, in substance, that Bonesteel took the judgment under the assignment from the bank as trustee for Smith, that it did not therefore pass to his assignees, and that the action *Page 65 
should therefore have been brought in his name. If Mr. Bonesteel did take as trustee, the positions of the counsel are doubtless well taken. But, 1. The judge decided the question of fact upon which the legal propositions are founded adversely to the appellant, and from the decision of a question of fact in a common law action or an action under the Code, an appeal does not lie to this court; and, 2. There is not a particle of evidence to warrant the inference that Bonesteel took as trustee. The legal effect of the transaction is the same as it would have been had Smith taken an assignment of the judgment from the bank to himself and had then assigned to Bonesteel. In that case the law would presume the assignment to Bonesteel to have been made upon a good consideration, and no trust would have resulted for the benefit of the assignor. The substance of the transaction and the legal presumption are now the same, and more especially as there was no necessity for the intercession of a third person to take the legal title to the judgment for Smith. Separate judgments having been recovered against the defendant and Smith as maker and endorser of the same notes, no one could doubt that Smith could legally take the assignment to himself without endangering the validity of the judgment.
The next position taken in behalf of the appellant is that the judgment, having been for more than $1000, its presumptive value was the amount thereof, and it could only be sold in pursuance of a resolution of the board of directors of the bank. There are several conclusive answers to this proposition: 1. Upon the payment of the debt by Smith, the endorser, he became entitled to be placed in the same situation in which the bank was placed in respect to the debt as against the defendant, the maker of the note, who was principally liable for its payment, and to be subrogated to all the rights and remedies of the bank, and to all the securities held by it against him. The equitable doctrine of subrogation is favored and the rights which grow out of *Page 66 
it are recognized and protected as well at law as in equity. The judgment in suit became, and was, in legal effect, the property of Smith and might have been enforced for his benefit, or a formal transfer to him might have been compelled. (New-YorkState Bank v. Fletcher, 5 Wend., 85; Clason v. Morris,
10 John., 534; Corey v. White, 3 Barb., 12; Cuyler v.Enswortli, 6 Paige, 32.) The bank, after the payment of the debt by the sale of Smith's property, had no legal interest in the judgment, and only held it as trustee for Smith. The statute (1 R.S., 1115, § 8, 4th ed.) only prohibits the transfer of the real estate or effects of the bank without authority by previous resolution of the board of directors. It was designed for the protection of creditors and stockholders, and to guard against the diversion of its effects, and does not extend to property or means held in trust for others. 2. None but the corporation or its stockholders or creditors can impeach a transfer of property by the corporation for the want of the previous action of the board of directors, and then only by direct action brought for that purpose. Strangers, the debtors of the bank, and others, have no interest in the question, and cannot go back of the assignment and collaterally impeach the transfer for the want of the formalities which have been imposed by statute for the benefit and protection of others. 3. If a resolution is necessary, as against the debtor, the law will presume that such resolution was passed by the board of directors, and that the cashier was, by such resolution, duly authorized to execute the assignment under the corporate seal. (Hoyt v. Thompson, 1 Seld., 335, per RUGGLES, J.; Bankof Vergennes v. Warren, 7 Hill, 91.) It may be added that the bank cashier, having only done what a court of equity would have compelled him to do, the presumption of the proper formal authority to perform the act will be more readily indulged than in ordinary cases. (Lee v. Brown, 4 Vesey, 362.)
Lastly, it is urged, in behalf of the appellant, that payment of the judgment against Smith extinguished the judgment *Page 67 
against the defendant, except as to costs, and that the remedy was by action in favor of Smith, the surety, for money paid. There can be no doubt that if Smith occupied the relation of surety for the defendant, an action for money paid would have laid at his suit upon the payment by him of the debt, and there can be just as little doubt that upon the payment of a note or bill of exchange by a party thereto, who is not primarily liable for its payment, he becomes entitled to the possession of the bill or note, and may maintain an action upon it against any or all the prior parties thereto who have been properly charged; and if the contract of the party liable is merged in a judgment, the right of the person paying is to the judgment, as, but for the merger, it would have been to the bill or note. The payment by an endorser does not extinguish the liability of the maker or acceptor, and the endorser may take an assignment of any judgment which may have been recovered by the holder, and enforce it for his own benefit. (Harger v. McCullough, 2 Denio, 119;Clason v. Morris, supra; In the matter of McKinley, 1 John.Cas., 137; Corey v. White, supra.) The cases of The OntarioBank v. Walker (1 Hill, 652) and The Bank of Salina v.Abbot (3 Denio, 181) were decisions made at special term, under the act of April, 1832, authorizing a joint action against all the parties to a promissory note or bill of exchange, and as to the effect of a joint recovery upon the right of subrogation between the several parties; and, if they can be recognized as law at this day, which is more than doubtful, do not affect the question in this case, as the judgments against the defendant and Smith were several judgments.
The judgment of the supreme court should be affirmed.