HOFFMAN & GARSIDE v. N. C. BIGNALL & Co.

(No. 474, Tex. L. J., vol. 2, p. 436.)

APPEAL from Dallas County.   Opinion by ECTOR, P. J.

§ 703. *Draft; presumption with regard to, and liability of parties to.* The draft sued on was as follows:
"$170.60.                    ST. LOUIS, February 2, 1876.

"At ninety days, pay to the order of N. O. Kerr, president, one hundred and seventy and 66–100 dollars, with exchange, value received, and charge to account of

                              "N. C. BIGNALL & Co.,

                                   "Per Ostrander.

"To Messrs. HOFFMAN & GARSIDE, Dallas, Texas."

"Hoffman & Garside" were written across the face. Bignall sued and recovered judgment upon the draft in both the justice and county courts. The only evidence

offered on the trial in the county court was the draft
and acceptance, which were read.  The main error as-
signed is that the court found for plaintiffs without
evidence of title to the instrument sued on.  *Held*, that
a draft such as the one sued on is presumed to be drawn
on funds, with the understanding between the drawer
and drawee that it is an appropriation of funds of the
drawer in the hands of the drawee.  An acceptor for value
is primarily liable, and the drawer is a mere guarantor
or surety.  [Gillilan v. Myers, 31 Ill. 525; North American
Coal Co. v. Dyett, 7 Paige (N. Y.), 1.]

§ **704.** *Subrogation.*  The payment of an accepted
draft for value by the drawer entitles him to be subro-
gated to all the rights of the creditor.  He is entitled to
have the draft assigned to him, and equity considers that
as done which ought to have been done.

§ **705.** *Accommodation acceptor; rights of, to subro-
gation, etc.; rights of all parties to a draft or bill of
exchange.*  An accommodation acceptor of a bill of ex-
change is a surety as to the drawer, but a principal as to
the holder, although the holder knew him to be an ac-
commodation acceptor.  The payment of an accommoda-
tion draft by the acceptor entitles him to be regarded in
the light of a surety, and he has equal claims upon a
court of equity to enforce its payment against the drawer
as any other surety who has paid the draft of his princi-
pal.  The doctrine is that the payment entitles the surety
to be subrogated to all the rights of the creditor.  It is
also a well settled doctrine of the common law, that a
surety, upon the payment of the debt of his principal, is
entitled to an assignment of all the independent securi-
ties in the hands of the creditor, with all the remedies
which he had to enforce them against the principal.
[Lumpkin v. Mills, 4 Ga. 343; Jordan v. Hudson, 11 Tex.
82; Sublett v. McKinney, 19 Tex. 438.]  A bill of ex-
change for value is not discharged until paid by or in be-
half of the acceptor, nor a note until paid by or in behalf
of the maker.  A payment by the drawer of an accom-

modation bill of exchange is a complete discharge of the bill.

§ **706.** *Non-negotiable instrument; right of holder of.* A holder of a non-negotiable instrument may maintain a suit upon it in his own name, but to entitle him to a judgment he must show his right to the paper, either by indorsement or proof of ownership. The judgment of the court below must be reversed, because there is no proof of any kind that the appellees had any title, either legal or equitable, to the draft sued on, or that, after its acceptance by appellants, appellees ever paid it. The instrument being drawn in favor of Kerr, and not indorsed by him, its possession by appellees is not *prima facie* evidence of ownership.

January 18, 1879.   Reversed and remanded.