SELA B. BOSTWICK, APPELLANT, *v.* LYMAN L. SCOTT AND NANCY A. SCOTT, RESPONDENTS.

*Effect of the payment to a sheriff, of the amount of a judgment, by one of several judgment debtors — of a subsequent assignment of the judgment to him — a judgment creditor's action is not maintainable, until the remedy by execution has been exhausted.*

A bank having recovered a judgment against all the parties thereto upon a note made by Halleck and Nash to the order of the defendant Scott, and indorsed by him as first, and by the plaintiff Bostwick as second indorser, issued an execution thereon to the sheriff, against the property of the defendants in the action. Bostwick paid the amount of the judgment and the fees to the sheriff, who returned the execution " satisfied April 9, 1877, as to and out of the property of Sela B. Bostwick, and returned *nulla bona* as to the other defendants." The amount of the judgment was paid to the bank, which then assigned the judgment to Bostwick, who brought this action to set aside a conveyance of property by the defendant Scott as fraudulent. The referee found, as a conclusion of law, that the judgment was satisfied and that the assignment thereof gave the plaintiff no interest in it, and directed that a judgment be entered in favor of the defendant.

*Held,* that the assignment of the judgment was effectual to vest in Bostwick the title thereto, and the right to enforce it as against the makers and the prior

indorser, but that the judgment entered in this action was proper, because it was not shown that any execution had been issued against the property of the defendant Scott, and returned unsatisfied.

APPEAL by the plaintiff from a judgment, entered in Allegany county on the report of a referee in favor of the defendants.

*H. J. Swift,* for the appellant.

*Adelbert Moot,* for the respondents.

BRADLEY, J.:

The action is in the nature of a creditor's bill. The complaint charges that certain property of the judgment debtor, Lyman L. Scott, was transferred and conveyed to his wife, the defendant, Nancy A. Scott, in fraud of his creditors. The judgment was recovered by the Cuba National Bank against the makers and indorsers of a promissory note made by Halleck and Nash, payable to the order of the defendant, Lyman L. Scott, and indorsed by him as the first, and by the plaintiff Bostwick as the second indorser. Execution upon the judgment was issued against the property of the defendants therein to the sheriff, and Bostwick paid the amount of it to the sheriff with his fees, who on the same day indorsed upon the execution the following return :

" The within execution satisfied April 9, 1877, as to and out of the property of Sela B. Bostwick and returned *nulla bona* as to the other defendants.

"WM. H. WITHEY, *Sheriff.*

"L. B. BARTHOLOMEW, *Deputy.*"

And with such return the execution was on the same day filed with the county clerk. The amount of the judgment was paid to the bank and it assigned the judgment to the plaintiff Bostwick.

The referee found these facts and, as conclusions of law, determined that before the return of the execution the judgment was satisfied and discharged, and that the assignment of the judgment thereafter made to Bostwick gave him no interest in it, that after the collection of the execution he was only a simple contract creditor of Scott, the prior indorser ; that the plaintiff is not entitled to maintain this action, and that the defendants are entitled to judgment.

We think the assignment by the bank of the judgment to Bost-

wick was effectual to vest in him title, and the right to enforce it as against the makers and Scott, his prior indorser. The liability of the makers and indorsers upon the note was not that of joint debtors, but was that of severalty only, and it is only by force of the statute that they can be joined as defendants in the same action (Laws of 1832, chap. 276); and the right given to join them as defendants does not have the effect to impair any other rights by way of several defenses, or any rights and responsibilities as between · themselves. (Id., §§ 5, 7.) The plaintiff was at liberty to pay the judgment creditor and take an effectual assignment of the judgment as against the other defendants in it; and in view of such several liability and relation of the makers and indorsers, founded as they are in fact upon independent contracts, there is no apparent reason why the payment by Bostwick of the amount of the judgment to the sheriff should so enure to the benefit of the other defendants as to enable them to assert, as against the plaintiff here, that the judgment was as to them discharged. The payment may be deemed a discharge of his liability, and he was permitted to take, as against the makers and the other indorsers, the place of judgment creditor by the assignment to him, and for that purpose the judgment may be treated as remaining operative. (*Corey* v. *White*, 3 Barb., 12; *Kelsey* v. *Bradbury*, 21 id., 531; *Marsh* v. *Benedict*, 14 Hun, 317; *Eno* v. *Crooke*, 10 N. Y., 60, 67.) This does not depend upon the right of subrogation, which is an equitable remedy for the protection and preservation of rights of sureties, or those having relations to persons or property by which they become charged or required to pay for the protection of their interests, that for which others are, as between them, primarily liable. Then equity will subrogate them to the rights and remedies of the creditor, in whatever form they may be, for relief and reimbursement. (*Goodyear* v. *Watson*, 14 Barb., 481; *Barnes* v. *Mott*, 64 N. Y., 402; *Cole* v. *Malcolm*, 66 id., 366.) And equity would do it, in a case like this, if necessary. But that is rendered unnecessary by the assignment voluntarily made by the original judgment creditor to the party entitled to the remedy; and because the several character of the relation of the defendants in the judgment, which is practically the same as between them as if the judgment had also been several, no aid of equity to enforce it in behalf of the plaintiff is necessary.

The cases cited to the contrary are those in which the liability of principal and surety exists in the same contract or undertaking, or where their relations in fact are those of joint debtors, and for convenience or other purpose they have given to their agreement or commercial paper the appearance of the relation of principal and surety, or of maker and indorser, as was the case in *Booth* v. *Farmers and Mechanics' National Bank* (74 N. Y., 228). They are not applicable to the proposition here.

But although the judgment remained effectual in behalf of the plaintiff as assignee against the other defendants in it, it was necessary to the maintenance of this action that remedy by execution shall have been exhausted. And this could be evidenced only by return of execution unsatisfied as the action does not appear to be in aid of an outstanding execution. (*Adsit* v. *Butler*, 87 N. Y., 585; *Royer Wheel Co.* v. *Fielding*, 31 Hun, 274.) The action is founded upon the return made by the sheriff as before mentioned. But the difficulty is that the execution was paid by Bostwick while the judgment was held by the bank, and the sheriff received the money in satisfaction of it so far as related to the right of the judgment creditor. And he could not return the execution otherwise than satisfied. The officer had nothing to do with, and could not take notice of, any rights of the judgment debtors as between themselves. His duty was confined to the execution of this process as required by its terms and the law applicable to it. When it was paid by Bostwick the sheriff had no right to take any proceedings upon that execution other than to return it. His right to enforce it against the property of any of the judgment debtors then ceased. The return made by the sheriff cannot be treated as that of an execution unsatisfied as against any of the judgment debtors for the purposes of this action. And, therefore, the requisite steps preliminary to the maintenance of the action in the form brought have not been taken. To support it required the issue of another execution and the return of it unsatisfied.

But it is contended that if the conclusions of law of the referee, as stated in his report in respect to the effect of the assignment of the judgment are not sustained, a new trial should be granted. The facts found required the result given by the decision of the referee, and there evidently is no dispute in the evidence as to the

controlling fact which defeats the plaintiff's right to maintain the action. It is not important that all the specific conclusions of law, asserted by the referee in his report are not sustained, as the judgment which he directed was the only one permitted by the facts found by him.

The judgment should be affirmed.

HAIGHT, J., concurred ; SMITH, P. J., and BARKER, J., concurred in result.

Judgment affirmed, with costs.