## HOLLISTER *et al. v.* KOLB.

*(Supreme Court, General Term, Fifth Department.* - January 23, 1891.)

PLEADING—ANSWER—CONFESSION AND AVOIDANCE.

In an action on an order for $800, drawn on defendant by one G. in favor of plaintiffs, and accepted by defendant, the complaint alleged that, at the date of the order, G. was indebted to plaintiffs in an amount exceeding $800; that before that time he had contracted to build a house for defendant; that after making the contract, and in consideration of his indebtedness to plaintiffs, he gave the order which plaintiffs accepted; and that G. fully performed his contract. The answer admitted all the allegations of the complaint, except the indebtedness of G. to plaintiffs, and alleged that before the commencement of work under the contract with G. to build the house, plaintiffs agreed to furnish lumber if defendant would be responsible, and gave an estimate of the amount at $800; that plaintiffs fraudulently concealed the fact that G. was indebted to them; that if defendant had known that G. was irresponsible and largely indebted to plaintiffs he would not have made the contract with him; that defendant accepted the order on plaintiffs' promise to furnish lumber to the amount of $800; that plaintiffs furnished lumber to the amount of only $328; that defendant was obliged to buy the residue of the lumber elsewhere; and that defendant reserved $328, which he tendered to plaintiffs, and paid the balance of the contract price to G. *Held,* that the answer did not constitute an avoidance of the cause of action already admitted.

Motion for new trial on exceptions.

Action by Granger A. Hollister and others against Jacob M. Kolb. Defendant moves for a new trial on case and exceptions ordered to be heard in the first instance at the general term, after a verdict for plaintiff directed by the court at the circuit.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*George F. Yeoman,* for plaintiffs. *H. McGuire,* for defendant.

DWIGHT, P. J. The verdict in this case was directed on the pleadings. The only question, therefore, is whether the answer raises an issue either of denial or affirmative defense. The action was on a written order for the payment of money which the answer admits was drawn upon and accepted by the defendant as follows:

"ROCHESTER, N. Y. Jan'y 5, 1888.

*"Jacob Kolb*—DEAR SIR: Pay Hollister Bros. or order eight hundred dollars, and charge my account on account of contract for building your cottage at Charlotte.                                 PETER GUERINOT.

"I, Jacob M. Kolb, promise to pay said amount on or about May 1st, 1888, eight hundred dollars.                           JACOB M. KOLB."

The complaint alleges that, at the date of the order, Guerinot was indebted to the plaintiffs in an amount exceeding $800; that before that time he had contracted with the defendant to build a cottage for him at Charlotte, doing all the work and furnishing all the materials, for the sum of $1,600; that after making such contract, and in consideration of his indebtedness to the plaintiffs, Guerinot made and delivered to the plaintiffs the order above-mentioned; that the plaintiffs immediately notified the defendant of the order, and the defendant accepted it; that Guerinot performed his contract according to its terms; that, after the order became due, plaintiffs demanded payment of the defendant, which was refused; and that they are still the owners and holders of such order, which remains wholly unpaid. The answer expressly admits all the allegations of the complaint except of the indebtedness of Guerinot to the plaintiffs, and that the building contract was made before the order was given, and proceeds to aver as follows: "(10) For a further defense to the complaint of the plaintiffs, the defendant alleges that on or about the 5th day of January, 1888, he entered into a contract with one Peter Guerinot, by which said Guerinot was to build for defendant a frame house near Charlotte, Monroe county, N. Y., for the sum of $1,600; that, before the commencement of said work, plaintiffs represented to the defendant that they were willing to furnish lumber to build said house to Guerinot, provided the defendant would become responsible for the payment of the same; that the plaintiffs produced an estimate of the amount of lumber required, and, together with said Guerinot, estimated the same at $800; that the plaintiffs fraudulently concealed from the defendant the fact, if fact it was, that Guerinot was indebted to the plaintiffs in any sum; that plaintiffs, to induce the defendant to accept said order, promised and agreed to furnish the said lumber to the extent of $800, and to personally see that the lumber was of good quality, and such as was required by the specifications for said building; that the defendant, relying upon said agreement, and having no knowledge of the fact, if fact it was, that Guerinot was indebted to the plaintiffs, and being deceived thereby, signed and delivered to the plaintiffs the acceptance of said order; that said Guerinot was wholly irresponsible and insolvent, and was known to be so by the plaintiffs, but was not known to be so by the defendant when defendant signed the said order; that thereafter, and on or about the 1st day of May, 1888, this defendant requested the plaintiffs to furnish the defendant with a statement of the lumber obtained by Guerinot for the defendant's house at Charlotte, the house being then completed, and that plaintiffs furnished defendant with a statement showing the total amount of lumber so furnished as aforesaid to be $328.10; that this defendant, relying

upon such statement and agreement under which said acceptance was signed, reserved from the amount of said contract the sum of $328.10, and paid the balance to Guerinot. (11) This defendant alleges upon information and belief that the plaintiffs, after the delivery to the plaintiffs of the defendant's acceptance, refused to deliver to said Guerinot the lumber required to build and complete the defendant's house, and refused to deliver to said Guerinot lumber for said house in excess, in value, of the sum of $328.10, and that said Guerinot was compelled to procure the same of other dealers." And he adds an averment of a tender to the plaintiffs, before the commencement of the action, of the sum of $328.10, and the payment of the same into court. On the trial the defendant was allowed to amend his answer by inserting the averment "that, if the defendant had known Guerinot was irresponsible and largely indebted to the plaintiffs, he would not have made the contract with him." It is very plain that no issue was made by the denials of the answer which put the plaintiffs to proof of any fact necessary to a recovery. A consideration to Guerinot for the order was to be presumed as against the defendant, and the want of it, if a defense at all, must have been affirmatively proved. *Eno* v. *Crooke,* 10 N. Y. 60; *Daby* v. *Ericsson,* 45 N. Y. 786; *Stone* v. *Frost,* 61 N. Y. 614; *Belden* v. *Meeker,* 47 N. Y. 311. There is really no denial that the building contract was entered into before the order was made and accepted. The complaint alleges that the contract was made prior to January 5, 1888, and the order on that day. The answer admits that the contract was made on or about the 5th, and that the order and acceptance was made as alleged in the complaint. Moreover, the order, as admitted, refers to the building contract as already in existence, and the acceptance named, as the day of payment, the day named in the contract for the completion of the work.

We come, therefore, to consider the matters affirmatively alleged in the answer, and are of the opinion that, taken together, they constitute no avoidance of the cause of action already substantially confessed. In this branch of his answer the defendant has apparently attempted to set up the double defense, or two defenses, of fraud and breach of contract on the part of the plaintiffs. So far as fraud is concerned, the attempt fails for several reasons. In the first place there is no averment that the fact which is charged to have been fraudulently concealed did in fact exist. The charge is "that the plaintiffs fraudulently concealed from the defendant the fact, if fact it was, that Guerinot was indebted to the plaintiffs," and elsewhere in his answer the defendant denies that such indebtedness did exist. He neither seeks to rescind the contract on the ground of fraud nor to recoup damages occasioned thereby, nor does he aver that he sustained any damage by reason thereof. In fact nearly, if not quite, all the essentials of a cause of action or defense on the ground of fraud are absent from this pleading. The attempted defense on the ground of breach of contract is equally unavailing. The contract which is charged to have been violated was the plaintiffs' alleged agreement to furnish to the contractor Guerinot lumber to the extent of $800, in value, for his use in the performance of his contract with the defendant. This was evidently a contract for the benefit of Guerinot, and the breach of which gave to him and not to the defendant a cause of action against the plaintiffs. The defendant has not been in any way subrogated to the rights of Guerinot under that contract, nor has he himself sustained any loss or prejudice by reason of its breach. The defendant has had the benefit of a full performance of the contract of Guerinot to furnish proper materials and build and complete his house according to the specifications, and whether Guerinot procured his materials from the plaintiffs or from other persons was of no interest to the defendant. The views already expressed exclude all consideration of the questions whether the evidence offered by the defendant was in whole or in part admissible under the plaintiffs' objection that it tended to vary or contradict

the terms of a written instrument, and how far the offers were within the averments of the answer. We are clearly of the opinion that, if fully sustained by competent evidence, the answer was insufficient to constitute a defense to the plaintiffs' action. The order in this case, under the clear doctrine of *Lauer* v. *Dunn*, 115 N. Y. 405, 22 N. E. Rep. 270, and *Brill* v. *Tuttle*, 81 N. Y. 454, was an equitable assignment by Guerinot of so much of the moneys to become due to him under his contract with the defendant, and it bound the defendant, from the moment he received notice of its terms, even without acceptance on his part, to retain moneys in his hands sufficient for its payment. If the defendant had observed the obligation which the law thus placed upon him, he would not have been compelled to pay a second time any portion of the contract price for his house. The motion for a new trial must be denied, and judgment ordered for the plaintiffs on the verdict, with costs.

All concur.