WILLIAM McCLURE v. J. W. JOHNSON.

(Filed Feb. 8, 1901.)

*On Petition for Rehearing.*

*Lewis & Snyder,* for plaintiff in error.

*H. H. Howard* and *Douglas & Douglas,* for defendant in error.

Opinion of the court by

McATEE, J.:  A rehearing having been granted in this case, it has been by the court re-examined mainly touching the weight of authorities upon the first proposition of the syllabus, to-wit, that:

"In this Territory, under the statute, as well as at common law, the right of action of the surety who has discharged the promissory note of his principal, is against the principal upon the note, and not upon an implied promise to pay.  A surety who pays is subrogated to all the rights of the holder of the note, one of which is the possession of the promissory note, and the right of action upon it against the principal, and he may pursue his remedy upon the note which he has paid as against the principal, who is primarily liable, to the extent of reimbursing what he has expended."

The facts are sufficiently stated in the original opinion. In order that the matter may now be fully and finally set at rest, such consideration is now given to the matter as accessible sources of information supply.

It was said in *Ex parte Crisp*, 1st Atk. 133, by Lord Hartwicke, that where a surety pays off a debt, he is entitled to have from the creditor an assignment of the security, in order to enable him to obtain satisfaction for what he has paid beyond his proposition.

It was held in *Parsons v. Briddock*, 2 Vern. 608, that the surety has precisely the same rights that the creditor has, and shall stand in his place, and that it is a right of entire subrogation. And this doctrine was expressly recognized in *Wright v. Morley*, 11 Ves. 21.

And it was said in *Robinson v. Wilson*, 2nd Madd. 434, that:

"A surety who pays off a specialty debt shall be considered as a creditor by specialty of his principal."

This doctrine of the English rule, so announced in these cases, which were determined before the American revolution, may be considered as having been adopted into the United States, since it was the rule of the English law up to the time of the separation of the colonies from the mother country, on the Fourth day of July, 1776. After that time, Lord Eldon and Lord Brougham underook to announce a different doctrine, but the later English doctrine has not obtained in America.

The doctrine of the civil law was that of "absolute and unrestricted substitution," by which, when a debt was paid by the surety, it was not regarded as paid but as sold to him, and that all of its original obligatory force continued against the principal, and in favor of the surety who had thus paid the debt. (24th Am. & Eng. Ency. of Law, pp. 205-6.)

The doctrine as asserted in the original opinion in this case is sustained by the superior and supreme courts of New York, to the effect, that:

"The right of the surety is not only that of subrogation pure and simple, but a right to an assignment or effectual transfer of the debt and of the bond or other instrument evidencing the same." (*Fielding v. Waterhouse*, 40 N. Y. Super. Ct. 424; *Ellsworth v. Lockwood*, 42 N. Y. 98; *Townsend v. Whitney*, 75 N. Y. 431; *Spielglemyer v. Crawford*, 6 Paige, 252; *N. Y. State Bank v. Fletcher*, 5 Wend. 85; *Eno v. Crooke*, 10 N. Y. 60.)

And in his hands a judgment against the principal and surety for the original debt is a subsisting obligation and may be enforced against the principal. (*Goodyear v. Watson*, 14 Barb. 481; *Alden v. Clark*, 11 How. Pr. 209; *Harger v. McCullough*, 2 Den. [N. Y.] 119; *Cory v. White*, 3 Barb. 12.)

In *Lewis v. Palmer*, 28 N. Y. 271, Wright, J., laid down the rule thus broadly:

"It is a well settled principle that a surety who pays a debt for his principal is entitled to be put in the place of the creditor, and to all the means which the creditor possessed to enforce payment against the principal debtor."

In *Clason v. Morris*, 10 Johns. 255, Spencer, J., said:

"That a surety who pays a debt for his principal has a right to be put in the place of the creditor, and to avail himself of every means the creditor had to enforce payment against the principal debtor, is a principle which I had supposed incontestable."

In *Cheeseborough v. Millard*, 1 Johns. ch. 413, 7 Am. Dec. 494, Chancellor Kent observed that:

"If a creditor to a bond exacts his whole demand of one of the sureties, that surety is entitled to be substituted in his place, and to a cession of his rights and securities

as if he were a purchaser, either against the principal debtor or the co-surety." (*Cuyler v. Ensworth*, 6th Paige, 32.)

It was held in Missouri that a surety paying off a judgment is entitled to an assignment of the same. (*Benne v. Schnecko*, 100 Mo. 250; *Berthold v. Berthold*, 46 Mo. 557; *Campbell v. Pope*, 96 Mo. 468.)

He is considered as at once subrogated to all the rights, remedies and securities of the creditor—as substituted in the place of the creditor—and entitled to enforce all his liens, priorities and means of payment as against the principal. (*Furnold v. State Bank*, 44 Mo. 336; *Miller v. Woodward*, 8 Mo. 169; *McCune v. Belt*, 38 Mo. 28; *Seeley v. Beck*, 42 Mo. 143.)

The supreme court of Maryland said in *Crisfield v. State*, 55 Md. 192, that in equity it (payment) operates as an assignment of the debt and all legal proceedings upon it, and gives the surety the right to call upon the creditor for an assignment of all securities, and in favor of the surety the debt and all its obligations and incidents are considered as still subsisting. (*Hollingsworth v. Floyd*, 2 Har. & J. [Md.] 87; *Norwood v. Norwood*, 2 Har. & J. 238; *Southern v. Reed*, 4 Har. & J. 307; *Merryman v. State*, 5 Har. & J. 423; *Orem v. Wrightson*, 51 Md. 44; *Lawson v. Snyder*, 1 Md. 79; *Grove v. Brien*, 1 Md. 438; *Creager v. Brengle*, 5 Har. & J. 234, 9 Am. Dec. 516; *Crisfield v. State*, 55 Md. 192.)

It was said by the supreme court of Minnesota that, for the purpose of indemnity the surety is entitled to be subrogated to all the rights, remedies and securities of the creditor, and to enforce all his liens, priorities, and means of payment as against the principal. Payment by

a surety, although it extinguishes the remedy and discharges the security as respects the creditor, does not have that effect as between the surety and his principal, as between the latter it is in the nature of a purchase by the surety from the creditor. It operates in equity as an assignment of the debt and securities. (*McArthur v. Martin*, 23 Minn. 74.)

And it is said by the supreme court of Mississippi, that payment by the surety operates *per se* as a transfer of the judgment. (*Dibrell v. Dandridge*, 51 Miss. 55.)

It was held in *Roberts v. Bruce*, 15 S. W. Rep. 872, that a judgment against a principal was not extinguished by payment made by the surety. And that, a surety who has paid a fiduciary debt for his principal is entitled to stand in the place of his principal. (*Schoolfield v. Rudd*, 9 B. Mon. [Ky.] 291.)

In *Lumpkin v. Mills*, 4 Ga. 344, it was held that a surety who has paid the debt of his principal due upon an instrument under seal, will in equity, upon the settlement of the estate, be substituted to the rights and position of the creditor, so as to go in as a creditor under that instrument, and not merely as a creditor by open account.

And in Indiana the supreme court said, in *Gerber v. Sharp*, 72 Ind. 553, that payment by one who stands in the relation of surety, although it may extinguish the remedy or discharge the security, as respects the creditor, has not that effect as between the principal debtor and the surety.

In Pennsylvania it was held, that an actual assignment (of the specialty) is unnecessary. The right of substitu-

tion is the substantial thing; the actual substitution is unimportant. The right of substitution being shown, and the surety having paid the debt, succeeds by operation of law to the rights of the creditor. (*Wright v. Grover etc. S. M. Co.* 82 Pa. St. 80; *Fleming v. Beaver,* 2 Rawle [Pa.] 128; 19 Am. Dec. 629; *Duffield v. Cooper,* 87 Pa. St. 443.)

It was held in *Perkins v. Kershaw,* 1 Hill Eq. (S. Car.) 235, that:

"The surety who pays the debt of his principal has the right to be remitted to all the rights and securities of the creditor. He is, in equity, substituted for the creditor."

And in Texas the supreme court has announced the doctrine, and according to the cases cited from that case in the original opinion, that the surety is entitled upon payment of the debt not only to have the full benefits of all the collateral securities both of an equitable and legal nature, which the creditor has taken as an additional pledge for his debt, but he is entitled to be substituted as to the very debt itself in the place of the creditor, and to have it assigned to him, and equity considers that as done already which ought to be done where it is necessary to sustain the action. (*Sublett v. McKinney,* 19 Tex. 438; *Jordan v. Hudson,* 11 Tex. 82; *Tutt v. Thornton,* 57 Tex. 35; *Murphy v. Gage,* 21 S. W. Rep. 396.)

In Virginia the early case of *Lidderdale v. Robinson,* 2 Brock. (U. S.) 253, by Chief Justice Marshall on the circuit, that eminent jurist held, that the surety was subrogated to the rights of the creditor on a bill of exchange. His opinion was based upon the broad ground of equity, springing out of the relationship of the parties to the bill

of exchange, and the fact of payment by the surety, irrespective of any assignment, or, of any idea about the extinguishment of the debt. And he said, that:

"The claim of the surety is clothed in equity with the legal garb with which the original contract is invested."

The case went upon appeal to the supreme court of the United States and was there affirmed in 12th Wheat. 594, the supreme court saying that, while the law as thus announced was the law of the state, and the supreme court had adopted as a practice the acceptance of the state doctrine upon questions originating altogether in the state, that they would yet "feel no inclination to place our decision upon that restricted ground, since we are well satisfied with its correctness on a general principle, and on authority of great respectability in other states."

To like effect are the decisions of the supreme courts of the states of Arkansas, Delaware, Illinois, Iowa, Michigan, Louisiana, Nebraska, New Hampshire, New Jersey, North Carolina, Ohio, Tennessee and Wisconsin. It was held differently in Alabama, Maine, Massachusetts, Nevada and Vermont.

We might well accept the announcement of the law as thus made by the great majority of the states of the union, corroborated, and, indeed, preceded as to most of them by the opinion of Chief Justice Marshall of the supreme court of the United States, even if the doctrine as held in England and, in consequence, in the American colonies prior to the declaration of independence, and the explicit doctrine of the common law, had not been expressly incorporated into the language of a statute of our own, sec. 2951 of the statutes of Oklahoma, 1893, here-

tofore incorporated into the original opinion, to the effect, that: "A surety, upon satisfying the obligation of the principal, is entitled to enforce every remedy which the creditor then has against the principal, to the extent of reimbursing what he had expended." * * * One of these remedies in this case was by an action upon the promissory note sued upon.

The judgment of the court heretofore rendered in this case is reaffirmed.

All of the Justices concurring.